UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEREMY PERRIN | : |
| | : |
| VS. | : CIVIL NO. |
| | : |
| CONNECTICUT DEPARTMENT | : |
| OF CORRECTION | : APRIL 25, 2016 |

## C O M P L A I N T

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant retaliated against the plaintiff in his employment because of his prior complaint of sexual harassment.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.

4. During all times mentioned in this action, the defendant was and is an agency of the State of Connecticut. It is and at all relevant times was an

1

employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed, on or about July 26, 2014, a timely complaint with the United States Equal Employment Opportunity Commission alleging retaliation because of his opposition to sexual harassment in the workplace and having received a Notice of Right to Sue from the said agency dated February 10, 2016.

6. The plaintiff is, and for many years has been, a civilian employee of the Connecticut Department of Correction. My work station is the New Haven Correction Center. The plaintiff currently is on workers' compensation leave because of job-related injury.

7. On April 24, 2013, the plaintiff made a formal complaint to Investigator Christian Moore of the defendant's Affirmative Action Office in which he alleged that he was being subjected to sexual harassment and a hostile working environment because of sexualized comments made by a co-worker.

8. On June 5, 2013, Mr. Moore ruled that the plaintiff's "allegations of discrimination and/or sexual harassment were unsubstantiated."

9. On or about July 15, 2013, the plaintiff was ordered off work without pay on the ground that he was physically incapable of performing his duties

because of a work-related injury.

10. The plaintiff returned to work on January 21, 2014.

11 From his first day back on the job, the plaintiff experienced hostility from his supervisors. He was given directions on many occasions which the supervisors knew he was physically incapable of performing because of his prior work-related injuries and because of his pre-existing physical disability.

12. On July 22, 2014, the plaintiff was ordered to submit to an "employee pre-disciplinary conference" on a false accusation of making a copy of a confidential department document containing the name of an inmate.

13. Prior to the said conference, the plaintiff's physician ordered him off duty because of his work-related injury, and since that time the plaintiff has been physically unable to return to the workplace.

14. In the manner described above, the plaintiff suffered adverse employment actions by the defendant in retaliation for his having complained of unlawful sexual harassment, in violation of the statutory provisions described above.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Attorney fees and the costs of this action;

C. Such other relief as this court shall consider to be fair and equitable.

                THE PLAINTIFF

BY:_____/s/_____(ct00215)_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203-562-9931
        Fax: 203-776-9494
        jrw@johnrwilliams.com
        His Attorney