UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEREMY PERRIN,
 *Plaintiff*,

v.

CONNECTICUT DEPARTMENT OF
CORRECTION,
 *Defendant*.

No. 3:16-cv-00643 (JAM)

**ORDER DENYING MOTION TO DISMISS**

  This case involves a plaintiff's claim that his employer unlawfully retaliated against him after he complained about sexual harassment. Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the ground that plaintiff has not alleged facts to show an adverse action that was the result of plaintiff's harassment complaint. I will deny the motion to dismiss on the ground that plaintiff has alleged sufficient facts to establish plausible grounds for relief.

**BACKGROUND**

  Plaintiff Jeremy Perrin is an employee of defendant Connecticut Department of Correction. Plaintiff has filed a complaint under Title VII of the Civil Rights Act of 1964 alleging that he was subject to unlawful retaliation on the ground of his complaint about sexual harassment in the workplace. According to plaintiff, he filed a formal workplace complaint with defendant's Affirmative Action Office on April 24, 2013, alleging that he was subject to sexual harassment and a hostile work environment because of sexualized comments by a co-worker. On June 5, 2013, the Affirmative Action Office ruled that plaintiff's allegations were unsubstantiated.

1

Several weeks later, plaintiff went out on disability leave in July 2013 because of a work-related injury, and he did not return to work until January 2014. According to plaintiff, "[f]rom his first day back on the job, [he] experienced hostility from his supervisors," and "[h]e was given directions on many occasions which the supervisors knew he was physically incapable of performing because of his prior work-related injuries and because of his pre-existing physical disability." Doc. #1 at 3.

Plaintiff further alleges that on July 22, 2014, he was ordered to submit to a pre-disciplinary conference on the basis of a false accusation that he had made a copy of a confidential department document. The pre-disciplinary conference did not take place, because plaintiff's physician ordered him off duty again because of his work-related injury, and plaintiff has not been physically able since that time to return to work.

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Moreover, "'[a]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action . . . do not suffice'" to survive a motion to dismiss. *Ibid.* (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). In short, my role in reviewing a motion to dismiss is to determine whether the complaint—apart from any of its conclusory allegations—sets forth sufficient facts to state a plausible claim for relief.

2

Just what does it mean to state a "plausible" claim for relief? As the Supreme Court has explained, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. My task is not to evaluate whether plaintiff's allegations are credible or likely true, because "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid.*; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (same).

Title VII protects not only against an employer's outright discrimination against an employee on the basis of the employee's protected characteristics but also protects against an employer's retaliating against an employee for complaining about alleged discrimination. *See* 42 U.S.C. § 2000e–3(a). In order for a Title VII retaliation claim to survive a motion to dismiss, a plaintiff must allege facts to show that a defendant took an *adverse action* against plaintiff *because* of plaintiff's protected activity of opposing or complaining about discrimination. *See Vega*, 801 F.3d at 90.

As for the "adverse action" requirement, this means "any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Ibid.* (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). As for the "because" requirement of a causal connection between plaintiff's protected activity and the adverse action, this means that "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Ibid.* (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)).

Defendant contends that plaintiff has not plausibly alleged an adverse action. I do not agree. The complaint alleges that, immediately upon plaintiff's return to work, his supervisors

ordered him on many occasions to engage in actions they knew that he could not physically do. *See* Doc. #1 at 3.[1] If done for reasons of a retaliatory motive, a supervisor's repeated instructions to an employee to do something that the employee cannot physically do without risk of injury is the type of action that would reasonably dissuade an employee from complaining about discrimination.

Similarly, if it is true that plaintiff's supervisors decided for retaliatory reasons to initiate disciplinary proceedings against plaintiff on grounds they knew to be false, I cannot help but conclude that this tactic would likewise dissuade any reasonable employee from complaining about discrimination. Cumulatively, these actions—involving repeated demands on an employee to perform the physically impossible and initiation of a disciplinary action for a bogus claim of misconduct—well exceed the petty slights or minor annoyances that any employee should reasonably expect in a modern workplace. They are actionable adverse actions.

Defendant further contends that plaintiff has failed to allege facts to show the requisite causal connection between a retaliatory motive and the alleged adverse actions. I do not agree. Plaintiff filed his complaint of sex discrimination in April 2013, then was out of work from July 2013 to January 2014, and he was then allegedly subject to hostility and retaliatory actions beginning immediately upon his return to work.[2] The Second Circuit has made clear that there is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated

---

[1] In light of this express allegation of the complaint, defendant is plainly wrong to assert that "there is no claim [in the complaint] of any adverse action of any kind." Doc. #15-1 at 6.

[2] Defendant unfortunately again misstates the allegations of the complaint. According to defendant, the "only evidence pled in support of the causation prong is that the alleged retaliatory acts took place 15 months after the filing of the April 2013 sexual harassment complaint." Doc. #15-1 at 9. To the contrary, a fair reading of the complaint alleges retaliatory actions beginning "from [plaintiff's] first day back on the job" in January 2014. Doc. #1 at 3. In any event, a complaint need not plead "evidence" but need only plead facts to sustain a claim, and here the complaint specifically and factually pleads that immediately upon his return to work, he was told by his supervisors on many occasions to perform acts that they knew he was incapable of performing because of his prior injury and disability. *Ibid.*

to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action," and that a temporal gap of "five months might be enough to establish a prima facie case" for purposes of a plaintiff's initial pleading burden. *See Abrams v. Department of Public Safety*, 764 F.3d 244, 254 (2d. Cir. 2014). Here, plaintiff could not feasibly have been subject at all to retaliatory adverse action for the several months that he was not even at work from July 2013 to January 2014. The fact that he was allegedly subject to adverse actions within about three months of his actual, in-service work time between his filing of the harassment complaint and the commencement of allegedly adverse actions is therefore enough to satisfy plaintiff's initial burden to allege facts to sustain a plausible claim for relief.

Defendant relies heavily on cases involving motions for summary judgment pursuant to Fed. R. Civ. P. 56 rather than motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[3] But there are obvious differences between a court's review of these two kinds of motions. The fact that a plaintiff may not ultimately be able to establish a genuine issue of fact for trial does not mean that the complaint has failed from the outset to allege facts that establish plausible grounds for relief. Before counsel files a motion to dismiss, counsel should give careful consideration to the governing law and whether the arguments to be made are more appropriately made by means of a motion for summary judgment. If counsel concludes that it is appropriate to file a motion to dismiss, then counsel should ensure that the motion may be sustained without reliance on a

---

[3] For example, to support the argument that there was no adverse action, defendant cites four decisions of the Second Circuit, all of which evaluated retaliation claims in specific evidentiary contexts at the summary judgment stage rather than in the context of a motion to dismiss. *See* Doc. #15-1 at 5-7 (citing *Rodas v. Town of Farmington*, 567 Fed. App'x. 24 (2d Cir. 2014); *Rivera v. Rochester Genessee Reg'l Transp. Auth.*, 743 F.3d 11 (2d Cir. 2014); *Tepperwein v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556 (2d Cir. 2011); *Chang v. Safe Horizons*, 254 Fed. App'x. 838 (2d Cir. 2007)). Similarly, defendant's argument for lack of causation also principally relies on a Second Circuit decision that addresses temporal proximity in the context of a motion for summary judgment. *See* Doc. #15-1 at 9-10 (citing *Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834 (2d Cir. 2013)).

mischaracterization of essential allegations of the complaint as has occurred in this case. *See supra notes* 1 and 2.

## CONCLUSION

The motion to dismiss (Doc. #15) is DENIED.

It is so ordered.

Dated at New Haven, Connecticut, this 7th day of November 2016.

                                                    /s/ *Jeffrey Alker Meyer*
                                                    Jeffrey Alker Meyer
                                                    United States District Judge